# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UAW LOCAL 1612 AMALGAMATED UNION, | : | No. 3:18cv914 |
| Plaintiff | : | (Judge Munley) |
| v. | : | |
| BRIDON AMERICAN CORPORATION, | : | |
| Defendant | : | |

## MEMORANDUM

Before the court is a motion to dismiss filed by Defendant Bridon American Corporation in this action to enforce an arbitration award under a collective bargaining agreement. The parties have briefed the pending motion, and it is ripe for disposition.

## Background

Plaintiff UAW Local 1612 Amalgamated Union and Defendant Bridon American Corporation are parties to a collective bargaining agreement. (Doc. 1, Compl. ¶ 5). The collective bargaining agreement (hereinafter "the Agreement") governs the terms and conditions of employment for all full-time and regular part-time employees of Bridon American Corporation. (Id.) The agreement includes a grievance and arbitration provision which applies to "any disputes between the employer and Union or between the [e]mployer and any employee covered by

the terms of [the] Agreement concerning the interpretation, application, claim or breach or violation of [the] Agreement . . ." (Id. ¶ 6).

Relevant to the instant lawsuit, Willard Boyle was an employee of Bridon American Corporation, and therefore a member of the UAW Local 1612 Amalgamated Union (hereinafter "the Union" or "plaintiff"). (Id. ¶ 9). On October 30, 2015, Bridon American Corporation (hereinafter "defendant") terminated Boyle's employment for refusing to take a drug and alcohol test. (Id. ¶ 10). The Union represented Boyle, and filed a grievance on his behalf under the grievance and arbitration provision of the Agreement. (Id. ¶ 11).

The grievance and arbitration provision of the Agreement details a four step procedure for presenting grievances. (Id. ¶ 12). At step one, the grievance is to be taken up promptly among the shop steward, who is a representative of the Union, the aggrieved employee and the appropriate department supervisor. (Doc. 1, Exh. A., the Agreement at 10). The supervisor must answer the grievance within seven days after the grievance has been presented to him. (Id.) If the grievance is not settled, the parties proceed to step two, where the grievance must be reduced to writing and submitted to the appropriate mill manager within seven days from the date the answer is received from the supervisor. (Id. at 11). The mill manager must then render a decision in writing within three days. If the mill manager's step two answer is unsatisfactory, the grievance must be

2

forwarded to the human resources manager and the shop chairperson for step three of the process. (Id.) The human resources manager and shop chairperson must then meet and attempt to resolve the grievance. (Id.) A written answer is then presented to the Union president. (Id.) Finally, at step four, if the Union is still unsatisfied with Bridon American Corporation's response, the grievance must be referred to the American Arbitration Association for arbitration. (Id.) The grievance is thereafter governed by the Association. (Id.) The award of the arbitrator must be in writing, and is final and binding on Bridon American Corporation, the Union, and the aggrieved employee. (Id.)

The Union, representing Boyle, presented Boyle's grievance to Bridon American Corporation on November 5, 2015. (Doc. 1, Compl. ¶ 11). The grievance was denied at steps one through three. (Id. ¶ 12). Thus, the Union appealed the denial to arbitration pursuant to step four of the procedure. (Id.) Arbitration hearings concerning the grievance were held before Arbitrator Gerard G. Restaino on August 24, 2016, November 3, 2016, and April 13, 2017. (Id. ¶ 13). On June 28, 2017, Arbitrator Restaino issued the following arbitration award ("the Award"):

> The grievance is sustained in part. Mr. Boyle shall be returned to work with back pay minus sixty (60) days' pay and shall have his seniority restored and receive other benefits and emoluments guaranteed by the Agreement.

(Id. ¶ 14).

Following the issuance of the Award, the defendant submitted objections to Arbitrator Restaino. (Id. ¶ 15). Arbitrator Restaino denied the objections, and on January 3, 2018, the defendant reinstated Boyle as an employee. (Id. ¶¶ 16, 17). The defendant has not, however, paid Boyle his back pay or any other benefits and emoluments guaranteed by the agreement for the period of time between the date of his termination and the date of his reinstatement. (Id. ¶ 18). The Union has calculated that Boyle is owed $82,027.56 in back pay, $2,016.00 in health insurance premiums, and $7,125.50 in 401(k) contributions. (Id. ¶ 25). The defendant did not respond to attempts by the Union to recover this money, and now dispute the calculations. (Id. ¶ 27).

Based on the foregoing facts, Plaintiff UAW Local 1612 Amalgamated Union filed a complaint against Defendant Bridon American Corporation on April 30, 2018, to confirm and enforce the arbitration award pursuant to Section 301 of the Labor-Management Relations Act of 1947, 29 U.S.C. § 185. (Doc. 1). On May 23, 2018, the defendant responded with the instant motion to dismiss plaintiff's complaint for failure to state a claim. (Doc. 4). The parties briefed the motion, bringing the case to its present posture.

**Jurisdiction**

Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a) confers on federal district courts the jurisdiction to enforce arbitration awards that are not inconsistent with the terms of a collective bargaining agreement between parties, and to direct those parties to undertake an arbitration process they have contracted to follow. See Union Switch & Signal Div. Am. Std. Inc. v. United Elec., Radio & Mach. Workers of Am., Local 610, 900 F.2d 608, 612 (3d Cir. 1990); APWU of Los Angeles v. USPS, 861 F.2d 211, 215 (9th Cir. 1988).

**Legal Standard**

The defendant filed its motion to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). The court tests the sufficiency of the complaint's allegations when considering a Rule 12(b)(6) motion. All well-pleaded allegations of the complaint must be viewed as true and in the light most favorable to the non-movant to determine whether, " 'under any reasonable reading of the pleadings, the plaintiff may be entitled to relief.' " Colburn v. Upper Darby Twp., 838 F.2d 663, 665–66 (3d Cir. 1988) (quoting Estate of Bailey by Oare v. Cnty. of York, 768 F.2d 503, 506 (3d Cir. 1985)). The plaintiff must describe " 'enough facts to raise a reasonable expectation that discovery will reveal evidence of' [each] necessary element" of the claims alleged in the

5

complaint. Phillips v. Cnty. of Allegheny, 515 F.3d 224, 234 (3d Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)). Moreover, the plaintiff must allege facts that "justify moving the case beyond the pleadings to the next stage of litigation." Id. at 234–35. In evaluating the sufficiency of a complaint the court may also consider "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case." Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citations omitted). The court does not have to accept legal conclusions or unwarranted factual inferences. See Curay–Cramer v. Ursuline Acad. of Wilmington, Del., Inc., 450 F.3d 130, 133 (3d Cir. 2006) (citing Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997)).

The federal rules require only that plaintiff provide "a short and plain statement of the claim establishing that the pleader is entitled to relief," a standard which "does not require detailed factual allegations," but a plaintiff must make "a showing, rather than a blanket assertion, of entitlement to relief that rises above the speculative level." McTernan v. N.Y.C., 564 F.3d 636, 646 (3d Cir. 2009) (citations and internal quotations and quotation marks omitted).

As noted above, this case involves the enforcement of a labor arbitration award by an arbitrator who was appointed pursuant to a collective bargaining agreement. Our review on this issue, as established by case law, is extremely

6

limited. See United Paperworkers Int'l Union v. Misco, Inc., 484 U.S. 29, 37–38 (1987); W.R. Grace & Co. v. Local 759, Int'l Union of United Rubber Workers, 461 U.S. 757, 764 (1983).

**Discussion**

Although our review on the area of labor arbitration awards is limited, it is well-established that the court has the authority to enforce such awards when one party does not comply. See Union Switch & Signal Div. American Standard Inc. v. United Elec., Radio and Mach. Workers of America, Local 610, 900 F.2d 608, 612 (3d Cir. 1990). A court may only do so, however, if the award is "final and binding." Id. at 613. Here, the parties do not dispute that the Award of the arbitrator is final and binding on the defendant, and that the defendant owes Boyle back pay minus sixty (60) days' pay and other certain benefits. While vague on the details, the defendant seems to solely disagree with the numerical amount of such back pay and benefits calculated by the plaintiff. The defendant's position, and the basis for the instant motion, is that this disagreement amounts to an award interpretation dispute.

According to the defendant, this interpretation dispute is subject to the four-step grievance and arbitration provision of the Agreement. The plaintiff must submit a new grievance over this dispute, appeal it through the various steps of

the grievance procedure, and proceed through to another arbitration to determine the appropriate compensation due to Boyle under his original grievance. The defendant contends that the plaintiff, by initiating this court action, "is attempting to bypass the very process that they parties expressly agreed upon as the exclusive means for resolving grievances." (Doc. 5, Def.'s Br. in Supp. at 6). Thus, the defendant argues that plaintiff's complaint should be dismissed for failure to exhaust contractually agreed upon grievance procedures.

In response, the plaintiff contends that the Union has already exhausted the agreed upon grievance procedure concerning Boyle's discharge. Defendant's dispute over the amount owed is not a new grievance, rather it is still part of the original grievance. The defendant did not ask for clarification on the award at the time it was issued, and the arbitrator did not retain jurisdiction over this case. Thus, according to the plaintiff, court intervention is now proper to enforce the Award. We agree with the plaintiff.

The defendant bases its argument that this case should be a new grievance on the language of Article IV of the Agreement. Specifically, the defendant highlights the following provision:

> For the purpose of this Agreement, the term grievance shall mean any disputes between the employer and Union, or between the Employer and any employee covered by the terms of this Agreement concerning the interpretation, application, claim or breach or violation of this Agreement or any agreement between the parties entered into

> during the term of this agreement. All settled grievances and all arbitration decisions will be deemed a part of this agreement.

(Id. at 4).

The defendant particularly emphasizes the final line, that " . . . all arbitration decisions will be deemed a part of [the] agreement," and suggests that such language makes clear that issues with interpretation of arbitration awards are grievances which must go through the agreed upon procedure. The plaintiff rebuts, however, that this language does not necessarily imply such a reading. The plaintiff contends that the intent of the final line was simply to ensure that arbitration decisions have precedential value. The plaintiff argues that this language was not meant to require a single dispute over an employee's discharge to go through the grievance process multiple times.

We note that the question of interpretation of a collective bargaining agreement is a question generally for an arbitrator. See United Steelworkers of America v. Enterprise Wheel & Car Corp., 363 U.S. 593, 599 (1960). As such, we decline to engage in an interpretive analysis of this provision. We do find, however, that nothing explicitly prohibits the plaintiff from bringing the instant claim. While we agree with the defendant that an overriding policy of our labor laws is to encourage labor management disputes to be decided within their own ranks before ultimate resort to the courts, the parties in this case have already attempted to resolve the issue of Boyle's termination within their own ranks and

have worked their way through the agreed-upon grievance procedure to the court. To require the defendant to "invoke the time-consuming and burdensome grievance process again in order that the parties might resolve the remnants of a dispute which has already once traveled that route would seriously undermine the chief policies underlying resort to those procedures in the first instance: the speedy, flexible and inexpensive resolution of labor disputes." Locals 2222, 2320-2327, IBEW v. New England Tel. & Tel. Co., 628 F.2d 644, 649 (1st Cir. 1980).

      Further, at this point in the litigation we have no reason to find that the defendant's refusal to comply with the arbitration award amounts to a new grievance. The defendants have not pointed to any errors in the plaintiff's calculations, and do not explain what is ambiguous or vague about the arbitrator's award of Boyle's back pay minus sixty (60) days' pay, his seniority restored, and other benefits and emoluments guaranteed to him by the Agreement. See Pittsburgh Metro Area Postal Workers Union, AFL-CIO v. U.S. Postal Service, 938 F.2d 555, 565 (W.D. Pa. 2013) (finding that an award rendered as "full back pay, seniority, and benefits" and "make whole for lost wages and benefits, less the time of suspension" carries no ambiguity as to its completeness).

**Conclusion**

As such, we find that the plaintiff need not repeat the grievance and arbitration procedure. The defendant's motion to dismiss will be denied. An appropriate order follows.

**BY THE COURT:**

**Date: August 22, 2018**	**s/ James M. Munley**
**JUDGE JAMES M. MUNLEY**
**United States District Court**